*Petition and Notice of Removal of Civil Action*

# Exhibit A



| | |
|---|---|
| **TO:** | Valerie Defilippo<br>L3 Technologies, Inc.<br>1025 W. NASA BLVD, M/S A11A<br>MELBOURNE, FL 32901 |
| **RE:** | **Process Served in Delaware** |
| **FOR:** | Power Paragon Inc.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | PATRICK BURNS, ETC., PLTF. vs. POWER PARAGON, INC., ET AL., DFTS.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 30202101197621CUOECXC |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 05/05/2021 postmarked on 04/30/2021 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780110663947 |
| | Image SOP |
| | Email Notification,  Tama Schwartz  Tama.Schwartz@L3T.com |
| | Email Notification,  Matt Weingast  matt.weingast@L3T.com |
| | Email Notification,  Valerie Defilippo  valerie.defilippo@l3harris.com |
| | Email Notification,  Samantha Cody  samantha.cody@l3harris.com |
| | Email Notification,  Scott Mikuen  scott.mikuen@harris.com |
| | Email Notification,  Donald Letizia  Donald.L.Letizia@l3t.com |
| | Email Notification,  Larry Lohman  larry.lohman@l3harris.com |
| | Email Notification,  Tom Rall  tom.rall@l3harris.com |
| | Email Notification,  Michele St. Mary  michele.stmary@l3harris.com |
| | Email Notification,  Ruth Polsinelli  ruth.polsinelli@l3harris.com |



**Service of Process Transmittal**
05/05/2021
CT Log Number 539499435

**TO:**    Valerie Defilippo
L3 Technologies, Inc.
1025 W. NASA BLVD, M/S A11A
MELBOURNE, FL 32901

**RE:**    **Process Served in Delaware**

**FOR:**    Power Paragon Inc.  (Domestic State: DE)

**REGISTERED AGENT ADDRESS:**    The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

866-401-8252
EastTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 CERTIFIED MAIL

  

7020.2450 0002 1063 8961

U.S. POSTAGE
FCM LG ENV
LAGUNA HILLS
92654
APR 30, 21
AMOUNT
$8.05
R2303S100152-



Law Offices of Corbett H. Williams
24422 Avenida de la Carlota, Ste. 370
Laguna Hills, California 92653

The Corporation Trust Company
c/o Power Paragon, Inc.
1209 Orange Street
Wilmington, DE 19801



LAW OFFICES OF
CORBETT H. WILLIAMS

24422 Avenida de la Carlota, Ste. 370
Laguna Hills, California 92653
cwilliams@chwilliamslaw.com
Tel: 949-679-9909
Fax: 949-535-1031

April 30, 2021

**<u>Via USPS Certified, Return Receipt</u>**

The Corporation Trust Company
c/o Power Paragon, Inc.
1209 Orange Street
Wilmington, DE 19801

      Re:    <u>Patrick Burns v. Power Paragon, Inc., Case No. 30-2021-01197621-CU-OE-CXC</u>

Dear Sir or Madam:

     Your receipt of the enclosed documents shall constitute service of process on Power Paragon, Inc., a Delaware corporation in the matter referenced above pursuant to California Code of Civil Procedure Section 415.40. Should you have any questions, please contact my office.

                            Sincerely,

                            Corbett H. Williams
                            Law Offices of Corbett H. Williams

Enclosure

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
POWER PARAGON, INC. and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

PATRICK BURNS in his individual and representative capacities

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | **CASE NUMBER:** *(Número del Caso)* |
|---|---|
| *(El nombre y dirección de la corte es):* Superior Court for the County of Orange, Complex Division 751 W Santa Ana Blvd, Santa Ana, CA 92701 | 30-2021-01197621-CU-OE-CXC  Judge Kirk Nakamura |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Corbett H. Williams; Corbett H. Williams 24422 Avenida de la Carlota, Suite 370; 949-679-9909

| DATE: 04/28/2021 *(Fecha)* | DAVID H. YAMASAKI, Clerk of the Court *(Secretary)* | Georgina Ramirez | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Power Paragon, Inc.

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courts.ca.gov |
|---|---|---|

Corbett H. Williams (Bar No. 246458)
cwilliams@chwilliamslaw.com
**Law Offices of Corbett H. Williams**
24422 Avenida de la Carlota, Suite 370
Laguna Hills, California 92653
Telephone:     949.679.9909
Facsimile:     949.535.1031

Attorneys for Plaintiff
PATRICK BURNS

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF ORANGE

| | |
|---|---|
| PATRICK BURNS in his individual and representative capacities,<br><br>Plaintiff,<br><br>v.<br><br>POWER PARAGON, INC. and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 30-2021-01197621-CU-OE-CXC<br><br>Assigned to: Assigned for all Purposes Judge Kirk Nakamura<br><br>**CLASS ACTION COMPLAINT FOR:** CX-103<br><br>1. **VIOLATION OF CALIFORNIA LABOR CODE §§ 510, 1194, AND 1197.1 (Unpaid Overtime Wages);**<br>2. **VIOLATION OF CALIFORNIA LABOR CODE § 2802(a) (Failure to Indemnify Necessary Expenditures);**<br>3. **VIOLATION OF CALIFORNIA LABOR CODE §§ 226.7, 226.7(b), and 512 (Meal Periods);**<br>4. **VIOLATION OF CALIFORNIA LABOR CODE § 226.7 (Rest Breaks);**<br>5. **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, *et seq.***<br>6. **CIVIL PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT; LABOR CODE §§ 2698, *et seq.*** |

Page 1

**Law Offices of Corbett H. Williams**

Plaintiff PATRICK BURNS individually and on behalf of all other members of the public similarly situated, alleges as follows against defendants POWER PARAGON, INC. and DOES 1 through 10, inclusive:

## **THE PARTIES**

1.     Plaintiff PATRICK BURNS ("PLAINTIFF") is an individual residing in Los Angeles County, California.

2.     Defendant POWER PARAGON, INC. ("PARAGON") is a corporation existing under the laws of the state of Delaware and is headquartered in Melbourne, Florida.

3.     PARAGON is a subsidiary of L3Harris, a publicly traded technology services and defense contractor. According to Bloomberg, PARAGON provides engineering, development, manufacture, and integration of power conversion and distribution systems.

4.     PLAINTIFF brings this class action on behalf of himself and a California class, defined as all individuals who are or previously were employed by Defendant Power Paragon, Inc. and worked in California at any time during the period beginning on four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CLASS PERIOD"). The amount in controversy for the aggregate class claim is less than five million dollars ($5,000,000.00).

5.     PLAINTIFF is unaware of the true names and capacities, whether corporate or individual, or otherwise, of defendants named as DOES 1 though 10, inclusive. Pursuant to California Code of Civil Procedure section 474, PLAINTIFF will seek leave of court to amend this Class Action Complaint to state said defendants' true names and capacities when the same have been ascertained. PLAINTIFF is informed and believes, and based on such information and belief, alleges that said fictitiously-named defendants are responsible in some manner for the injuries and damages to PLAINTIFF as further alleged herein.

6.     PLAINTIFF is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein was performed by, or is attributable to PARAGON and/or DOES 1 through 10, inclusive, (hereafter referred to collectively as "DEFENDANTS") each acting as the

Page 2

Law Offices of Corbett H. Williams

1  agent for the other, with legal authority to act on the other's behalf. The acts of any and all

2  DEFENDANTS were in accordance with, and represent the official policy of DEFENDANTS.

3      7.    PLAINTIFF is informed and believes, and on that basis alleges, that each defendant

4  is the alter ego and joint employer, and is working in joint enterprise with, each and every other

5  defendant. PLAINTIFF is further informed and believes, and on that basis alleges, that at all times

6  relevant to this Complaint, each defendant was the agent or employee of each other defendant, and

7  in the doing the acts alleged herein, was acting within the course and scope of such agency or

8  employment, with the consent, provision, and authorization of each of the remaining defendants.

9  All actions of each defendant were ratified and approved by every other defendant.

10      8.    At all relevant times, DEFENDANTS, and each of them, ratified each and every act

11  or omission complained of herein. At all relevant times, DEFENDANTS, and each of them, aided

12  and abetted the acts and omissions of each and all the other Defendants in proximately causing the

13  damages herein alleged.

14      9.    PLAINTIFF is informed and believes, and thereon alleges, that each of said

15  DEFENDANTS is in some manner intentionally, negligently, or otherwise responsible for the acts,

16  omissions, occurrences, and transactions alleged herein.

17  **JURISDICTION AND VENUE**

18      10.    Venue is proper under California Code of Civil Procedure Section 395.5 because the

19  obligation or liability that is the subject of this Complaint arose, at least in part, in this County and

20  because one or more of the defendants are located in this County. The amount in controversy

21  exceeds this Court's jurisdictional minimum.

22  **FACTUAL ALLEGATIONS**

23      11.    At all relevant times, DEFENDANTS employed PLAINTIFF as a Field Service

24  Engineer and classified PLAINTIFF as "Exempt." Although PLAITNIFF is a skilled engineer, his

25  job duties do not bring him and other similarly situated employees within any of the exemptions

26  from the overtime laws under the applicable IWC Wage Order(s), including in particular, the

27  Administrative Exemption, Professional Exemption or Executive Exemption.

28

Page 3

Law Offices of Corbett H. Williams

1    12.    Because of its misclassification of PLAINTIFF as "exempt," PARAGON has failed
2    to pay PLAINTIFF for hundreds of hours of overtime, at the applicable overtime rate(s), including
3    for time worked both in excess of eight (8) hours per day and forty (40) hours per week.

4    13.    In addition, PLAINTIFF and other CLASS Members were required to perform work
5    as required by DEFENDANTS for more than five (5) hours during a shift without receiving an off-
6    duty meal break. Further, DEFENDANTS failed to provide PLAINTIFF and CLASS Members with
7    a second off-duty meal period each workday in which these employees were required by
8    DEFENDANTS to work ten (10) hours of work. PLAINTIFF and the other CLASS Members
9    therefore forfeited meal breaks without additional compensation and in accordance with
10   DEFENDANTS' corporate policy and practice.

11   14.    During the CLASS PERIOD, from time to time, PLAINTIFF and other CLASS
12   Members were also required to work in excess of four (4) hours without being provided ten (10)
13   minute rest periods. Further, these employees were denied their first rest periods of at least ten (10)
14   minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of
15   at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first,
16   second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or
17   more. PLAINTIFF and other CLASS Members were also not provided with one hour of wages in
18   lieu thereof. As a result of their rigorous work schedules, PLAINTIFF and other CLASS Members
19   were periodically denied their proper rest periods by DEFENDANTS and DEFENDANTS'
20   managers.

21   15.    PLAINTIFF and the other CLASS Members were also required to incur necessary,
22   work-related expenses, for which they were not reimbursed fully, or at all. Such expenses include
23   costs PLAINTIFF and the other CLASS Members incurred while traveling for business.
24   DEFENDANTS maintain a policy which unlawfully caps the expenses for which PLAINTIFF and
25   the other CLASS Members may request and obtain reimbursement.

26
27
28

Law Offices of Corbett H. Williams

Page 4

**PLAINTIFF Has Provided Notice of DEFENDANTS' Unlawful Conduct to the LWDA**

16.    On April 27, 2021, PLAINTIFF gave written notice through his counsel pursuant to the Private Attorneys General Act, Labor Code Sections 2698, *et seq.* ("PAGA") of PARAGON'S violations of various provisions of the Labor Code, including as alleged herein, to the Labor Code and Workforce Development Agency ("LWDA"). Such notice was also sent to PARAGON via registered U.S. Mail to the address of its principal executive office on file with the California Secretary of State. On that same day, PLAINTIFF, through his counsel, tendered the filing fee as required under Labor Code Section 2699.3.

17.    If, within 60 days of the date of the written notice to the LWDA, the LWDA responds indicating that it does not intend to investigate of PARAGON'S violations of the Labor Code, or if the LWDA fails to respond within 65 days of that date, PLAINTIFF intends to amend this Class Action Complaint to state a cause of action for civil penalties under the PAGA as provided by Labor Code Section 2699.3(a)(2)(C).

**CLASS ACTION ALLEGATIONS**

18.    PLAINTIFF brings this action on behalf of himself and all others similarly situated as a class action pursuant to Section 382 of the Code of Civil Procedure and seek to represent a CLASS of similarly situated individuals defined as follows:

> "All individuals employed by Power Paragon, Inc. in California and who are or were misclassified 'exempt.'"

19.    The "CLASS PERIOD" is defined as four (4) years prior to the filing of the initial Complaint through the trial of this matter.

20.    Members of the CLASS are so numerous that joinder of all members would be unfeasible and impractical.

21.    The precise scope of the CLASS can be ascertained by DEFENDANTS' records.

22.    There are questions of law and fact common among CLASS members including, but not necessarily limited to: (i) whether CLASS members were required to furnish personal vehicles for work purposes at their own expense; (ii) whether CLASS members were required to furnish and

Page 5

Law Offices of Corbett H. Williams

1   use a personal cellular telephone for work purposes at their own expense; (iii) whether, as the result

2   of DEFENDANTS' policies, CLASS members are entitled to recover amounts paid for such

3   expenses; and (v) whether DEFENDANTS engaged in unfair business practices in violation of

4   California Business & Professions Code 17200 *et seq.*

5         23.     These common issues of fact and law predominate over any individualized issues.

6         24.     PLAINTIFF's claims are typical of those of the CLASS, in that PLAINTIFF and

7   CLASS members were exposed to the same unlawful, systematic and companywide policies

8   discussed herein.

9         25.     A class action is superior to other available methods for the fair and efficient

10   adjudication of the controversy.

11         26.     PLAINTIFF and his counsel will fairly and adequately protect the interests of the

12   CLASS.

13                           **FIRST CAUSE OF ACTION**

14   **VIOLATION OF CALIFORNIA LABOR CODE §§ 510, 1194, and 1197.1 (FAILURE TO**

15                         **PAY OVERTIME WAGES)**

16     **(By PLAINTIFF individually and on behalf of the CLASS, against DEFENDANTS)**

17         27.     PLAINTIFF hereby re-alleges and incorporates all preceding paragraphs as though

18   fully set forth herein.

19         28.     At all relevant times, DEFENDANTS failed to compensate PLAINTIFF proper

20   overtime wages for overtime hours worked because of DEFENDANTS' unlawful policy that failed

21   to pay overtime rates for time worked in excess of 40 hours per work week, when such time did not

22   exceed 8 hours in a single work day. Accordingly, during his employment with DEFENDANTS,

23   PLAINTIFF and the other CLASS members regularly worked overtime hours, without being paid

24   the proper amount of overtime pay.

25         29.     DEFENDANTS' failure to pay PLAINTIFF and the other CLASS members the

26   unpaid balance of premium overtime compensation violates, among other provisions, sections 510,

27   1194, 1194.2 and 1197.1 of the Labor Code and applicable Wage Orders and is therefore unlawful.

28

Page 6

1    30.    PLAINTIFF and the other CLASS members are entitled remedies, including, but not

2    limited to, their unpaid overtime compensation, penalties, interest, injunctive relief, costs, and

3    attorneys' fees.

4    **SECOND CAUSE OF ACTION**

5    **VIOLATION OF CALIFORNIA LABOR CODE § 2802 (FAILURE TO INDEMNIFY**

6    **NECESSARY EXPENDITURES)**

7    **(By PLAINTIFF individually and on behalf of the CLASS, against DEFENDANTS)**

8    31.    PLAINTIFF hereby re-alleges and incorporates all preceding paragraphs as though

9    fully set forth herein.

10    32.    Section 2802(a) of the California Labor Code requires DEFENDANTS to indemnify

11    their employees for all necessary expenditures or losses they incur in direct consequence of the

12    discharge of their duties.

13    33.    Throughout the Class Period, DEFENDANTS failed to reimburse or to adequately

14    reimburse PLAINTIFF and CLASS members necessary expenses incurred during the course of their

15    employment, including, but not limited to, expenses incurred during work-related travel, the

16    provision of personal electronic devices, including cellular telephones and personal vehicles.

17    34.    As a direct consequence of DEFENDANTS' failure to reimburse them for necessary

18    expenses as required by law, PLAINTIFF and the CLASS have suffered substantial monetary

19    damages.

20    35.    In addition to all unreimbursed "necessary" expenses, PLAINTIFF on behalf of

21    himself and the CLASS, seeks recovery of all attorneys' fees and costs as provided by California

22    Labor Code Section 2802(c).

23    ////

24    ////

25    ////

26    ////

27    ////

28

Page 7

## **THIRD CAUSE OF ACTION**

## **VIOLATION OF CALIFORNIA LABOR CODE §§ 226.7, 226.7(b), and 512 (FAILURE TO PROVIDE MEAL PERIODS)**

### **(By PLAINTIFF individually and on behalf of the CLASS, against DEFENDANTS)**

36.     PLAINTIFF hereby re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

37.     At all relevant times, the applicable IWC Wage Order and California Labor Code Section 226.7 governed PLAINTIFF and the other CLASS members' employment by DEFENDANT.

38.     At all relevant times, California Labor Code Section 226.7 provided that no employer shall require an employee to work during any meal period mandated by an applicable order of the California IWC.

39.     DEFENDANTS required PLAINTIFF and the other CLASS members to work five (5) or more hours without authorizing or permitting an uninterrupted, duty-free thirty (30) minute meal period.

40.     DEFENDANTS failed to pay PLAINTIFF and the other CLASS members the full missed-meal period premium due pursuant to California Labor Code Section 226.7.

41.     DEFENDANTS conduct violates the applicable IWC Wage Orders and California Labor Code Sections 226.7, 226.7(b), and 512.

42.     Pursuant to the applicable IWC Wage Order and California Labor Code Section 226.7(b), PLAINTIFF and the other CLASS members are entitled to recover one additional hour of pay at the employee's regular hourly rate of compensation for each work day that the meal period was not provided.

////

////

////

////

Page 8

Law Offices of Corbett H. Williams

**FOURTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA LABOR CODE § 226.7 (FAILURE TO PROVIDE REST PERIODS)**

**(By PLAINTIFF individually and on behalf of the CLASS, against DEFENDANTS)**

43.     PLAINTIFF hereby re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

44.     At all relevant times, the applicable IWC Wage Order and California Labor Code Section 226.7 governed PLAINTIFF and the other CLASS members employment by DEFENDANTS.

45.     At all relevant times, California Labor Code Section 226.7 provided that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

46.     DEFENDANTS required PLAINTIFF and the other CLASS members to work four (4) or more hours without authorizing or permitting an uninterrupted ten (10) minute rest period per each four (4) hour period worked.

47.     DEFENDANTS failed to pay PLAINTIFF and the other CLASS members the full missed-rest period premium due pursuant to California Labor Code Section 226.7.

48.     DEFENDANTS conduct violates the applicable IWC Wage Orders and California Labor Code Section 226.7.

49.     Pursuant to the applicable IWC Wage Order and California Labor Code Section 226.7(b), PLAINTIFF and the other CLASS members are entitled to recover one additional hour of pay at the employee's regular hourly rate of compensation for each work day that the rest period was not provided.

////

////

////

////

Page 9

# FIFTH CAUSE OF ACTION

## UNLAWFUL, UNFAIR AND FRAUDULENT BUSINESS PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, *ET SEQ.*

### (By PLAINTIFF individually and on behalf of the CLASS, against DEFENDANTS)

50.     PLAINTIFF hereby re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

51.     The unlawful conduct alleged herein, including, but not limited to, DEFENDANTS' failure to reimburse necessary expenses as required by California Labor Code Sections 2802(a) constitutes unlawful activity prohibited by California Business and Professions Code section 17200, *et seq.*, including, but not limited to, Sections 17200, 17202, and 17203.

52.     DEFENDANTS' actions herein alleged likewise constitute unfair, fraudulent and/or deceptive business practices within the meaning of California Business and Professions Code Sections 17200, *et seq.*

53.     DEFENDANTS have deprived PLAINTIFF and members of the CLASS of money and/or property and PLAINTIFF and members of the CLASS have suffered injury in fact as the direct and proximate consequence of the unlawful, unfair and fraudulent conduct alleged herein.

54.     Pursuant to Section 17203 of the California Business and Professions Code, PLAINTIFF seeks an order of this Court enjoining DEFENDANTS from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those set forth in this Complaint. PLAINTIFF also seeks an order requiring DEFENDANTS to make full restitution of all moneys wrongfully withheld from PLAINTIFF and the CLASS members.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF, on behalf of himself all CLASS members and all aggrieved employees of DEFENDANTS, pray for relief and judgment as follows:

1.     Actual damages;

2.     Pre-judgment and post-judgment interest;

3.     Statutory damages;

Page 10

1      4.      Restitution;

2      5.      An award of reasonable attorneys' fees pursuant to Labor Code Sections

3                2802(c), 218.5, and any other applicable law(s) that may provide for recovery

4                of attorneys' fees;

5      6.      An order enjoining DEFENDANTS from continuing the unlawful conduct

6                described herein;

7      7.      Costs of suit; and

8      8.      All such other remedies, legal or equitable as the Court may deem proper or

9                necessary.

10  Dated:    April 28, 2021          **Law Offices of Corbett H. Williams**

11

12                        By: 

                               Attorneys for Plaintiff

13                        PATRICK BURNS

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Law Offices of Corbett H. Williams<br>Corbett H. Williams (SBN 246458)<br>24422 Avenida de la Carlota, Suite 370<br>Laguna Hills, California 92653<br>  TELEPHONE NO.: 949-679-9909    FAX NO.: 949-535-1031<br>ATTORNEY FOR *(Name):* Patrick Burns | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
  STREET ADDRESS: 751 W Santa Ana Blvd.
  MAILING ADDRESS:
  CITY AND ZIP CODE: Santa Ana, CA 92701
  BRANCH NAME: Complex Division

CASE NAME:
Patrick Burns v. Power Paragon, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited    [ ] Limited<br>(Amount         (Amount<br>demanded        demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter    [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 30-2021-01197621-CU-OE-CXC |
| | | JUDGE: Judge Kirk Nakamura |
| | | DEPT: CX-103 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Mass tort (40) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | above listed provisionally complex case |
| [ ] Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties      d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence        f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):*
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 28, 2021
Corbett H. Williams
_____          ▶          _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use          **CIVIL CASE COVER SHEET**          Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its website as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ORANGE

## ADR Information

Introduction.

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

Save Time. A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

Save Money. When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

Increase Control Over the Process and the Outcome. In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

Preserve Relationships. ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

Increase Satisfaction. In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

Improve Attorney-Client Relationships. Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

Loss of protections. If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

Less discovery. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

Additional costs. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Effect of delays if the dispute is not resolved. Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

Arbitration. In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

Cases for Which Arbitration May Be Appropriate. Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

Cases for Which Arbitration May Not Be Appropriate. If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

Mediation. In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

Cases for Which Mediation May Be Appropriate. Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

Cases for Which Mediation May Not Be Appropriate. Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

Neutral Evaluation. In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

Cases for Which Neutral Evaluation May Be Appropriate. Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

Cases for Which Neutral Evaluation May Not Be Appropriate. Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

Settlement Conferences. Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:
- OC Human Relations (714) 480-6575, mediator@ochumanrelations.org
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

<table>
<tr>
<td>

ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NO.:
NAME:
FIRM NAME:
STREET ADDRESS:
CITY:                            STATE:        ZIP CODE:
TELEPHONE NO.:                  FAX NO.:
E-MAIL ADDRESS:
ATTORNEY FOR (name):

</td>
<td>

FOR COURT USE ONLY

**For your protection and privacy, please press the Clear This Form button after you are done printing this form.**

</td>
</tr>
</table>

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-4593

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
        ☐ Under section 1141.11 of the Code of Civil Procedure
        ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an Order on Court Fee Waiver (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.

Date:_____      _____    _____
                      (SIGNATURE OF PLAINTIFF OR ATTORNEY)    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date:_____      _____    _____
                      (SIGNATURE OF DEFENDANT OR ATTORNEY)    (SIGNATURE OF DEFENDANT OR ATTORNEY)

Corbett H. Williams (Bar No. 240455)
cwilliams@chwilliamslaw.com
**Law Offices of Corbett H. Williams**
24427 Avenida de la Carlota, Suite 770
Laguna Hills, California 92653
Telephone:   949.679.9909
Facsimile:   949.573.1031

Attorneys for Plaintiff
PATRICK BURNS

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

PATRICK BURNS in his individual and
representative capacities,

      Plaintiff,

      v.

POWER PARAGON, INC. and DOES 1
through 10, inclusive,

      Defendants.

Case No. 30-2021-01197621-CU-OE-CXC

Assigned to: Hon. Kirk Nakamura, Dept. CX-103

**FIRST AMENDED CLASS ACTION
COMPLAINT FOR:**

1. **VIOLATION OF CALIFORNIA LABOR
   CODE §§ 510, 1194, 1194.2, 1197 and
   1197.1 (Unpaid Overtime, Straight Time
   and Minimum Wages);**
2. **VIOLATION OF CALIFORNIA LABOR
   CODE § 2802(a) (Failure to Indemnify
   Necessary Expenditures);**
3. **VIOLATION OF CALIFORNIA LABOR
   CODE §§ 226.7, 226.7(b), and 512 (Meal
   Periods);**
4. **VIOLATION OF CALIFORNIA LABOR
   CODE § 226.7 (Rest Breaks);**
5. **VIOLATION OF CALIFORNIA LABOR
   CODE § 226 (Inaccurate or Non-
   Compliant Wage Statements);**
6. **VIOLATION OF CALIFORNIA
   BUSINESS & PROFESSIONS CODE §§
   17200, et seq.**

Page 1

FIRST AMENDED CLASS ACTION COMPLAINT

Law Offices of Cornell H. Williams

1   Plaintiff PATRICK BURNS individually and on behalf of all others similarly situated in the group

2   similarly situated, alleges as follows against defendants POWER PARAGON, INC. and DOES 1

3   through 10, inclusive:

4                               **THE PARTIES**

5       1.      Plaintiff PATRICK BURNS ("PLAINTIFF") is an individual residing in Los

6   Angeles County, California.

7       2.      Defendant POWER PARAGON, INC ("PARAGON") is a corporation existing

8   under the laws of the state of Delaware and is headquartered in Melbourne, Florida.

9       3.      PARAGON is a subsidiary of L3Harris, a publicly traded technology services and

10  defense contractor. According to Bloomberg, PARAGON provides engineering, development,

11  manufacture, and integration of power conversion and distribution systems.

12      4.      PLAINTIFF brings this class action on behalf of himself and a California class,

13  defined as all individuals who are or previously were employed by Defendant Power Paragon, Inc.

14  and worked in California at any time during the period beginning on four (4) years prior to the filing

15  of this Complaint and ending on the date as determined by the Court (the "CLASS PERIOD"). The

16  amount in controversy for the aggregate claim is less than five million dollars ($5,000,000.00).

17      5.      PLAINTIFF is unaware of the true names and capacities, whether corporate or

18  individual or otherwise, of defendants named as DOES 1 through 10, inclusive. Pursuant to

19  California Code of Civil Procedure section 474, PLAINTIFF will seek leave of court to amend this

20  Class Action Complaint to state said defendants' true names and capacities when the same have

21  been ascertained. PLAINTIFF is informed and believes, and based on such information and belief,

22  alleges that said fictitiously-named defendants are responsible in some manner for the injuries and

23  damages of PLAINTIFF as further alleged herein.

24      6.      PLAINTIFF is informed and believes, and thereon alleges, that each and all of the

25  acts and omissions alleged herein was performed by, or is attributable to PARAGON and/or DOES

26  1 through 10, inclusive, (hereafter referred to collectively as "DEFENDANT") each acting in the

27

28      Page 2

agent for the other, with legal authority to act on the other's behalf. The acts of any and all DEFENDANTS were in compliance with, and represent the official policy of DEFENDANTS.

7. PLAINTIFF is informed and believes, and on that basis alleges, that each defendant is the alter ego and joint employer, and is working in joint enterprise with, each and every other defendant. PLAINTIFF is further informed and believes, and on that basis alleges, that at all times relevant to this Complaint, each defendant was the agent or employee of each other defendant, and in the doing the acts alleged herein, was acting within the course and scope of such agency or employment, with the consent, provision and authorization of each of the remaining defendants. All actions of each defendant were ratified and approved by every other defendant.

8. At all relevant times, DEFENDANTS, and each of them ratified each and every act or omission complained of herein. At all relevant times, DEFENDANTS, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

9. PLAINTIFF is informed and believes, and thereon alleges that each of said DEFENDANTS __ is some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## JURISDICTION AND VENUE

10. Venue is proper under California Code of Civil Procedure Section 395.5 because the obligation or liability that is the subject of this Complaint arose, at least in part, in this County and because one or more of the defendants are located in this County. The amount in controversy exceeds this Court's jurisdictional minimum.

## FACTUAL ALLEGATIONS

11. At all relevant times, DEFENDANTS employed PLAINTIFF as a Field service engineer and classified PLAINTIFF as "Exempt." Although PLAINTIFF is a skilled engineer, his _____ __ ___ being classified other similarly situated employees within any of the exemptions from the overtime laws under the applicable IWC Wage Order(s), including, in particular, the Administrative Exemption, Professional Exemption or Executive Exemption. DEFENDANTS has

Page 3

Law Office of Corsett H. Williams

Law Offices of Corbett H. Williams

1 and continues to employ numerous other individuals within [illegible]

2 classified as "exempt."

3     12.   Because of its misclassification of PLAINTIFF [illegible]

4 failed to pay PLAINTIFF for hundreds of hours of overtime at the [illegible]

5 including the time worked both in excess of eight (8) hours per day and [illegible]

6     13.   In addition to failing to pay PLAINTIFF and the other CLASS Members, [illegible]

7 DEFENDANTS have failed to pay these employees for all hours worked, including minimum

8 wage and overtime wages. For example, when PLAINTIFF and the other CLASS Members were

9 required to travel for work, they are not paid for time spent traveling in excess of 8 hours per day.

10     14.   In addition, PLAINTIFF and other CLASS Members were required to perform work

11 as required by DEFENDANTS for more than five (5) hours during a shift without a meal or off-

12 duty meal break. Further, DEFENDANTS failed to provide PLAINTIFF and CLASS Members with

13 a second off-duty meal period each workday in which these employees were required by

14 DEFENDANTS to work ten (10) hours of work. PLAINTIFF and the other CLASS Members

15 therefore forfeited meal breaks without additional compensation and in accordance with

16 DEFENDANTS' corporate policy and practice.

17     15.   During the CLASS PERIOD, from time to time, PLAINTIFF and other CLASS

18 Members were also required to work in excess of four (4) hours without being provided ten (10)

19 minute rest periods. Further, these employees were denied their first rest periods of at least ten (10)

20 minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of

21 at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first,

22 second and third rest period of at least ten (10) minutes, for some shifts worked of ten (10) hours or

23 more. PLAINTIFF and other CLASS Members were also not provided with one hour of wages in

24 lieu thereof. As a result of such rigorous work schedules, PLAINTIFF and other CLASS Members

25 were periodically denied their proper rest periods by DEFENDANTS and DEFENDANTS'

26 managers.

27

28

Page 4

Law Offices of Corium H. Williams

16    PLAINTIFF and the other CLASS Members incurred business-related expenses, for which they were not reimbursed fully [...]. Such expenses include, but PLAINTIFF and the other CLASS Members incurred while traveling for business. DEFENDANTS maintain a policy which unlawfully caps the expenses for which PLAINTIFF and the other CLASS Members may request and obtain reimbursement.

17    DEFENDANTS have also failed to furnish PLAINTIFF and the other CLASS Members with wage statements that accurately reflect all time worked and the applicable hourly rates.

## PLAINTIFF Has Provided Notice of DEFENDANTS' Unlawful Conduct to the LWDA

18    On April 27, 2021, PLAINTIFF gave written notice through his counsel pursuant to the Private Attorneys General Act, Labor Code Sections 2698, et seq. ("PAGA") of PARAGON'S violations of various provisions of the Labor Code including as alleged herein, to the Labor Code and Workforce Development Agency ("LWDA"). Such notice was also sent to PARAGON via registered U.S. Mail at the address of its principal executive office on file with the California Secretary of State. On that same day, PLAINTIFF, through his counsel, remitted the filing fee as required under Labor Code Section 2699.3.

19    If, within 60 days of the date of the written notice to the LWDA, the LWDA responds indicating that it does not intend to investigate of PARAGON'S violations of the Labor Code or if the LWDA fails to respond within 65 days of that date, PLAINTIFF intends to amend this Class Action Complaint to state a cause of action for civil penalties under the PAGA as provided by Labor Code Section 2699.3(a)(2)(C).

## CLASS ACTION ALLEGATIONS

20    PLAINTIFF brings this action on behalf of himself and all others similarly situated as a class action pursuant to Section 382 of the Code of Civil Procedure and seek to represent a CLASS of similarly-situated individuals defined as follows:

"All individuals employed by Power Paragon, Inc. in California and who are or were misclassified 'exempt.'"

Page 5

21. The "CLASS PERIOD" is defined as [illegible] Complaint through the trial of this matter.

22. Members of the CLASS are so numerous that [illegible] of members would be unfeasible and impractical.

23. The precise scope of the CLASS can be determined by DEFENDANTS' records.

24. There are questions of law and fact common among CLASS members including, but not necessarily limited to: (i) whether CLASS members were required to furnish personal vehicles for work purposes at their own expense; (ii) whether CLASS members were required to furnish and use a personal cellular telephone for work purposes at their own expense; (iii) whether, as the result of DEFENDANTS' policies, CLASS members are entitled to recover amounts paid for such expenses; and (v) whether DEFENDANTS engaged in unfair business practices in violation of California Business & Professions Code 17200 et seq.

25. These common issues of fact and law predominate over any individualized issues.

26. PLAINTIFF's claims are typical of those of the CLASS, in that PLAINTIFF and CLASS members were exposed to the same unlawful statements and company-wide policies discussed herein.

27. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

28. PLAINTIFF and his counsel will fairly and adequately protect the interests of the CLASS.

## FIRST CAUSE OF ACTION

### VIOLATION OF CALIFORNIA LABOR CODE §§ 510, 1194, and 1197.1 (FAILURE TO PAY OVERTIME, STRAIGHT TIME AND MINIMUM WAGES)

### (By PLAINTIFF individually and on behalf of the CLASS, against DEFENDANTS)

29. PLAINTIFF hereby re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

Page 6

Law Offices of Corbett H. Williams

30. At all relevant times, DEFENDANTS [illegible] PLAINTIFF proper overtime wages for overtime hours worked because of DEFENDANTS' unlawful policy and failed to pay overtime rates for time worked in excess of 40 hours per work week, even such time did not exceed 8 hours in a single work day. Accordingly, during his employment with DEFENDANTS, PLAINTIFF and the other CLASS members regularly worked overtime hours without being paid the proper amount of overtime pay.

31. DEFENDANTS also failed to pay PLAINTIFF and the other CLASS Members for all hours worked, including [illegible] straight and overtime wages.

32. DEFENDANTS' failure to pay PLAINTIFF and the other CLASS members the unpaid balance of premium overtime compensation violated, among other provisions, sections 510, 1194, 1194.2 and 1197.1 of the Labor Code and applicable Wage Orders and is therefore unlawful.

33. DEFENDANTS also failed to pay PLAINTIFF and the other CLASS members

34. PLAINTIFF and the other CLASS members are entitled remedies, including, but not limited to, their unpaid overtime compensation, penalties, interest, injunctive relief, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

## VIOLATION OF CALIFORNIA LABOR CODE § 2802 (FAILURE TO INDEMNIFY NECESSARY EXPENDITURES)

### (By PLAINTIFF individually and on behalf of the CLASS, against DEFENDANTS)

35. PLAINTIFF hereby re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

36. Section 2802(a) of the California Labor Code requires DEFENDANTS to indemnify their employees for all necessary expenditures or losses they incur in direct consequence of the discharge of their duties.

37. Throughout the Class Period, DEFENDANTS failed to reimburse or to adequately reimburse PLAINTIFF and CLASS members necessary expenses incurred during the course of their

Page 7

Law Offices of Graham H. William

1  employment, includi... ...during non-client travel, the
2  provision of pers... ...Common and personal vehicles.
3     38. As a ... ...To... ...to reimburse them for necessary
4  expenses as required by ... ...as a result... ...sustained monetary
5  damages.
6     39. In addition to ... ...PLAINTIFF on behalf of
7  himself and the CLASS, seeks recovery of ... ...s, provided by California
8  Labor Code Section 2802(a).
9       **THIRD CAUSE ...**
10 **VIOLATION OF CALIFORNIA LABOR ... ...and 512 (FAILURE TO**
11 **PROVIDE MEAL PERIODS)**
12 **(By PLAINTIFF individually and on behalf of the CLASS against DEFENDANTS)**
13    40. PLAINTIFF hereby re-alleges and incorporates all preceding paragraphs as though
14 fully set forth herein.
15    41. At all relevant times, the applicable IWC Wage Order and California Labor Code
16 Section 226.7 governed PLAINTIFF and the other CLASS members' employment by
17 DEFENDANT.
18    42. At all relevant times, California Labor Code Section 226.7 provided that an employee
19 shall require an employee to work during any meal period mandated by an applicable order of the
20 California IWC.
21    43. DEFENDANTS required PLAINTIFF and the other CLASS members to work five
22 (5) or more hours without authorizing or permitting an uninterrupted, duty free thirty (30) minute
23 meal period.
24    44. DEFENDANTS failed to pay PLAINTIFF and the other CLASS members the full
25 missed-meal period premium due pursuant to California Labor Code Section 226.7
26    45. DEFENDANTS conduct violates the applicable IWC Wage Orders and California
27 Labor Code Sections 226.7, 226.7(b), and 512.
28

Page 8

46. Pursuant to the applicable IWC Wage Order and California Labor Code Section 226.7(b), PLAINTIFF and the other CLASS members are entitled to recover one additional hour of pay at the employee's regular hourly rate of compensation for each work day on which the meal period was not provided.

## FOURTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA LABOR CODE § 226.7 (FAILURE TO PROVIDE REST PERIODS)

**(By PLAINTIFF individually and on behalf of the CLASS, against DEFENDANTS)**

47. PLAINTIFF hereby re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

48. At all relevant times, the applicable IWC Wage Order and California Labor Code Section 226.7 governed PLAINTIFF and the other CLASS members' employment by DEFENDANTS.

49. At all relevant times, California Labor Code Section 226.7 provided that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

50. DEFENDANTS required PLAINTIFF and the other CLASS members to work four (4) or more hours without authorizing or permitting an uninterrupted ten (10) minute rest period per each four (4) hour period worked.

51. DEFENDANTS failed to pay PLAINTIFF and the other CLASS members the full missed rest period premium due pursuant to California Labor Code Section 226.7.

52. DEFENDANTS conduct violates the applicable IWC Wage Orders and California Labor Code Section 226.7.

53. Pursuant to the applicable IWC Wage Order and California Labor Code Section 226.7(b), PLAINTIFF and the other CLASS members are entitled to recover one additional hour of pay at the employee's regular hourly rate of compensation for each work day that the rest period was not provided.

Page 9

Law Offices of Corbett H. Williams

# FIFTH CAUSE OF ACTION

## INACCURATE AND NON-COMPLIANT WAGE STATEMENTS IN VIOLATION OF
## CALIFORNIA LABOR CODE § 226

### (By PLAINTIFF, individually and on behalf of the CLASS, against DEFENDANTS)

54. PLAINTIFF hereby re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

55. California Labor Code section 226(a) sets forth reporting requirements for employers when they pay wages: "Every employer shall . . . at the time of each payment of wages furnish each of his or her employees . . . an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee . . . (9) net wages earned . . . and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." Cal. Lab. Code § 226(a). "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees." Cal. Lab. Code § 226(e). "An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by . . . subdivision (a) . . ."

56. DEFENDANTS failed to furnish PLAINTIFF and the other CLASS Members complete and accurate wage statements upon each payment of wages, in violation of California Labor Code section 226(a). PLAINTIFF and the other CLASS Members are deemed to have suffered injury because the wage statements issued by DEFENDANTS lacked one or more of the items of information required under 226(a).

57. PLAINTIFF and the other CLASS Members suffered actual injury and were damaged by these factors because, among other things, these failures led them to believe they were not entitled to be paid wages for overtime and regular wages although they were so entitled.

... to section 226(e) of the Labor Code, or other applicable law, PLAINTIFF and the ... SS Members are entitled to recover statutory penalties, interest, injunctive relief, ... attorneys' fees ...

## SIXTH CAUSE OF ACTION

### UNLAWFUL, UNFAIR AND FRAUDULENT BUSINESS PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, et seq.

### (By PLAINTIFF individually and on behalf of the CLASS, against DEFENDANTS)

58. PLAINTIFF hereby re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

59. The unlawful conduct alleged herein, including, but not limited to, DEFENDANTS' failure to reimburse necessary expenses as required by California Labor Code Section 2802(a), constitutes unlawful activity prohibited by California Business and Professions Code Section 17200, et seq., including, but not limited to, Sections 17701, 17202, and 17500.

60. DEFENDANTS' actions herein alleged likewise constitute unfair, fraudulent, deceptive business practices within the meaning of California Business and Professions Code Sections 17200, et seq.

61. DEFENDANTS have deprived PLAINTIFF and members of the CLASS of money and/or property and PLAINTIFF and members of the CLASS have suffered injury in fact as the direct and proximate consequence of the unlawful, unfair and fraudulent conduct alleged herein.

62. Pursuant to Section 17203 of the California Business and Professions Code, PLAINTIFF prays an order of this Court enjoining DEFENDANTS from continuing to engage in unlawful, unfair or deceptive business practices and any other act prohibited by law, including those set forth in this Complaint. PLAINTIFF also seeks an order requiring DEFENDANTS to make full restitution of all moneys and profits withheld from PLAINTIFF and the CLASS members.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF, on behalf of himself, all CLASS members and all aggrieved employees of DEFENDANTS, pray for relief and judgment as follows:

Page 11

Law Offices of Gordon & Williams

Law Offices of Carlton H. Williams

1. tual damages;

Pre-judgment and post-judgment interest;

3. Statutory damages;

4. Restitution;

5. An award of reasonable attorneys' fees pursuant to Labor Code Sections 2802(c), 218.5, 226(h) and any other applicable law(s) that may provide for recovery of attorneys' fees;

6. An order enjoining DEFENDANTS from continuing the unlawful conduct described herein;

7. Costs of suit; and

8. All such other remedies, legal or equitable as the Court may deem proper or necessary.

Dated: May 1, 2020                          Law Offices of Carlton H. Williams

                                            By _____
                                               Attorney for Plaintiff
                                               PATRICK BURKE

Page 17

**CERTIFICATE OF SERVICE**

I, Corbett H. Williams, declare as follows:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 26632 Avenida de la Carlota, Suite 310, Laguna Hills, California, 92653, in said County and State. On May 5, 2021 I served the following document(s):

**AMENDED CLASS ACTION COMPLAINT**

on the following parties: Defendant Power Paragon, Inc.

> The Corporation Trust Company
> c/o Power Paragon, Inc.
> 1209 Orange Street
> Wilmington, DE 19801

by the following means of service

X    **BY MAIL.** I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    **BY PERSONAL SERVICE.** I caused a true copy of this document to a messenger with instructions to personally deliver it to each person(s) named at the address(es) thereof before 5:00 p.m. on the above-mentioned date.

☐    **BY OVERNIGHT SERVICE.** On the above-mentioned date, I placed a true copy of the above mentioned document(s), together with an unsigned copy of this declaration, in a sealed envelope or package designated by Federal Express with delivery fees paid or provided for, addressed to the person(s) as indicated above and deposited same in a box or other facility regularly maintained by Federal Express or delivered same to an authorized courier or driver authorized by Federal Express to receive documents.

☐    **BY ELECTRONIC SERVICE.** On the above-mentioned date, I caused each such document to be transmitted by electronically mailing a true and correct copy through the Law Offices of Corbett H. Williams' electronic mail system to the e-mail address(es) set forth above.

☒    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐    **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 5, 2021.

Corbett H. Williams

Page 1